UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GWENDOLYN RENEE REDDIC, | Case No. 2:23-cv-01182-BNW |
| Plaintiff, | |
| v. | **ORDER** |
| SOCIAL SECURITY ADMINISTRATION, *et al.*, | |
| Defendants. | |

On December 8, 2023, the Court granted Plaintiff Gwendolyn Renee Reddic's request to proceed in forma pauperis. *See* ECF No. 6. The Court also screened, pursuant to 28 U.S.C. § 1915(e)(2), Plaintiff's complaint asserting claims against the Social Security Administration.

The Court found that Plaintiff's complaint failed to clearly state the nature of her claim. She failed to state whether her alleged underpayment of benefits was due to an erroneous determination and, if so, what the nature of the error was. *Id.* The Court dismissed the complaint without prejudice, but granted Plaintiff leave to file an amended complaint that clarifies what determination she seeks review of and whether she exhausted her administrative remedies. The Court gave Plaintiff until January 9, 2024 to file her amended complaint.

Reddic did not file an amended complaint, seek an extension of the deadline to do so, or otherwise challenge that dismissal, which occurred more than 30 days ago. Therefore, the Court dismisses this case because Plaintiff failed to comply with that order and has stated no plausible claim upon which this court could grant relief.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate ... dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or to comply with local rules. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with

1   an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130
2   (9th Cir. 1987) (dismissal for failure to comply with court order).

3       In determining whether to dismiss an action on one of these grounds, the court must
4   consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to
5   manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring
6   disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*,
7   782 F.2d at 831; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260–61.

8       The first two factors, the public's interest in expeditiously resolving this litigation and the
9   court's interest in managing its docket, weigh in favor of dismissal. The third factor, risk of
10  prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises
11  from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting
12  an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

13      The fourth factor—the public policy favoring disposition of cases on their merits—is
14  greatly outweighed by the factors favoring dismissal.

15      The fifth factor requires the court to consider whether less drastic alternatives can be used
16  to correct the party's failure that brought about the court's need to consider dismissal. *Yourish v.*
17  *Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic
18  alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord*
19  *Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive
20  force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of last drastic alternatives
21  prior to disobedience of the court's order as satisfying this element[,]" i.e., like the "initial
22  granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have
23  been "eroded" by *Yourish*).  Courts "need not exhaust every sanction short of dismissal before
24  finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v.*
25  *Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this action cannot proceed until and unless
26  the plaintiff pleads a plausible claim for relief, the only alternative here is to enter a second order
27  setting another deadline for the filing of an amended complaint. However, repeating an order
28  ignored by Plaintiff only delays the inevitable and squanders the court's time. *Christian v. United*

*States*, 2:23-cv-1300-JAD-NJK, 2023 WL 7279262 at *2. Here, the Court warned Plaintiff that failure to comply would result in dismissal of the action. Further, since the date of the screening order, the Clerk of the Court has warned Plaintiff on five occasions that she has failed to comply with the requirement to file a Certificate of Interested Parties pursuant to Local Rule 7.1-1. Plaintiff has failed to respond to any of those cautions. Therefore, setting another deadline is not a meaningful alternative given these circumstances. The fifth factor favors dismissal.

Accordingly, **IT IS HEREBY ORDERED** that this action is **DISMISSED without prejudice.**

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to enter **JUDGMENT** and to close this case. In forma pauperis status should not continue on appeal.

DATED: January 23, 2024.

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE